# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

NAQUIN                                  CIVIL ACTION NO. 16-cv-00845

VERSUS                                  JUDGE DOHERTY

WAL-MART STORES, INC.                   MAG. JUDGE WHITEHURST

## REPORT AND RECOMMENDATION

Currently pending before the undersigned, on referral from the district judge, is Plaintiff's Motion to Amend Pleading and Remand filed by Colleen Naquin ("Naquin") [Rec. Doc. 11] and Defendant, Wal-Mart Louisiana, LLC's ("Wal-Mart"), opposition [Rec. Doc. 16]. Oral argument was held on September 21, 2016. For the following reasons, the undersigned recommends that plaintiff's motion be **GRANTED**.

### *I. Background*

On March 22, 2016, Naquin filed a Petition for Damages against Wal-Mart in the 16th Judicial District Court, Parish of St. Mary, State of Louisiana, for injuries sustained in an alleged slip-and-fall accident at the Wal-Mart store located in Morgan City, Louisiana. Wal-Mart removed the case to this Court on June 14, 2016, on the basis diversity jurisdiction under 28 U.S.C. § 1332.

In the Petition for Damages, Naquin alleges that on December 23, 2015, she

was shopping at the Wal-Mart store in Morgan City, when she slipped and fell in a puddle of water which had accumulated on the floor.  [Rec. Doc. 1, Petition, ¶ 3]. She asserts that as a result of the accident, she sustained severe injuries to her arms and wrists.  [Petition, ¶ 4].  Among the particulars she alleged for Wal-Mart's negligence were the following:

> (1) Allowing liquid to accumulate on the floor at a location where patrons are required      to walk;
>
> (2) Failing to properly inspect and survey its aisles, passageways, and floors;
>
> (3) Failing to keep its premises free of any hazardous condition;
>
> (4) Failing to observe and rectify a hazardous condition upon actual or constructive knowledge;
>
> (5) Failing to warn customers of a hazardous condition; and
>
> (6) Failing to exercise reasonable care.

[Petition, ¶5(a)-(f)].

James Wallace ("Wallace"), who was Wal-Mart's Store Manager at the Morgan City location on the date of the accident, prepared an affidavit in which he states that on December 23, 2015, the A/C unit at the front entrance was leaking due to excessive condensation caused by unseasonably warm weather conditions outside the store.  [Rec. Doc.  16, Exhibit A, Affidavit of James Wallace ("Wallace Affidavit"),

¶¶ 4, 6].[1]  Significantly, he indicates that as part of his overall general administrative duties as Store Manager, he "was aware" that the A/C unit had excessive condensation due to external weather conditions, as he was generally aware of all conditions within the store.  [Wallace Affidavit,  ¶ 7].  He further states that he delegated the duties of monitoring the A/C unit and floor to maintenance associates and/or sales associates, including the placement of floor mats, providing or using "dry mops," conducting periodic inspections to ensure the floors were dry, placing wet floor signs, preventing water accumulation, warning shoppers of wet areas, or inspecting and detecting wet conditions.  [Wallace Affidavit, ¶¶ 7, 8].

Jay Tassin's ("Tassin") affidavit indicates that he is presently employed as Assistant Manager at the Wal-Mart store located in Morgan City, and was employed in that capacity at the time of the accident.  [Rec. Doc. 16, Exhibit B, Affidavit of Jay Tassin ("Tassin Affidavit"), ¶ 4].  He confirms that on December 23, 2015, the A/C unit at the front entrance was leaking due to excessive condensation caused by unseasonably warm weather conditions outside the store.  [Tassin Affidavit, ¶ 5].  He also states that he "was aware" that the A/C had excessive condensation.  [Tassin Affidavit, ¶ 6].  Like Wallace, he indicates that he delegated the duties of monitoring

_____

[1]Wallace states that he is currently employed as the Co-Manager at the Wal-Mart store located in Palm Coast, Florida, and has been employed in that capacity since July 6, 2016.  [Wallace Affidavit, ¶ 3].

the A/C unit and floor to maintenance associates and/or sales associates, including the placement of floor mats, providing or using "dry mops," conducting periodic inspections to ensure the floors were dry, placing wet floor signs, preventing water accumulation, warning shoppers of wet areas, or inspecting and detecting wet conditions.  [Tassin Affidavit, ¶¶ 6, 7].

On July 14, 2016, Naquin filed the instant Motion to Amend Pleading and Remand, seeking to add Wallace and Tassin as defendants and remand this case to state court.  [Rec. Doc. 11].  Wal-Mart opposes the Motion contending that joinder of Wallace and Tassin is improper because Plaintiff cannot maintain causes of action against them. [Rec. Doc. 16].

## II. Law &Analysis

In the Motion to Amend Pleading and Remand, Naquin seeks to add Wal-Mart managers, Tassin and Wallace, as party defendants.  Naquin further asserts that the non-diverse citizenship of these potentially new defendants would defeat complete diversity, requiring remand of this case.  Wal-Mart opposes on the grounds that joinder would be improper, as no cause of action exists against these managers.

Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) provides in pertinent part that leave to amend "shall be freely given when justice so requires." FRCP 15(a). However, in removed cases,

pursuant to 28 U.S.C. § 1447(e), a district court has discretion to either grant or deny an amendment of a complaint when subject matter jurisdiction is based on diversity and the plaintiff seeks to amend the complaint by adding a non-diverse party. 28 U.S.C. § 1447(e); *Mitchell v. Wal-Mart Stores, Inc.*, 2016 WL 447721, at \*2 (W.D.La., 2016).

Thus, when faced with an amended pleading naming a non-diverse defendant in a removed case, federal courts should scrutinize that amendment more closely than an ordinary amendment. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[2] In such cases, resolving the question of whether to permit an amendment which will destroy the subject matter jurisdiction of this court, justice requires that the district court balance the diverse defendant's interest in retaining the federal forum with the competing interests. *Id*.

The Fifth Circuit has concluded that balancing those interests would not be served by a "rigid distinction of whether the proposed added party is an indispensable or permissive party" pursuant to the Federal Rules of Civil Procedure. *Id*.; *See also Mitchell*, 2016 WL 447721, at \*2. Instead, in *Hensgens* the Fifth Circuit set forth four

---

[2] Although *Hensgens* was decided before Congress passed 28 U.S.C. § 1447(e), the Fifth Circuit has cited *Hensgens* with approval subsequent to the passage of § 1447(e). *See Tillman v. CSX Transportation, Inc*., 929 F.2d 1023, 1029 (5th Cir. 1991). Moreover, district courts in the Fifth Circuit have consistently held that the *Hensgens* approach is still good law. *See Schindler*, 2005 WL 1155862 at \*2 fn.3 (and cases cited therein). Further, the parties cite *Hensgens* as controlling the analysis of the resolution of this Motion.

factors that district courts should consider when deciding whether to allow post-removal amendment and joinder of non-diverse defendants: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens* at 1182. The district court should then balance the equities and decide whether amendment should be permitted. *Id*. If amendment of a non-diverse defendant is permitted, the case must be remanded to the state court; if amendment is not allowed, the federal court maintains jurisdiction. *Id.; see also* 28 U.S.C. § 1447(e).

*(1) Is the purpose of the amendment is to defeat federal jurisdiction?*

With respect to the first *Hensgens* factor, in analyzing whether the purpose of amendment is to destroy diversity, courts consider "whether the proposed amendment presents a valid cause of action." *Mitchell*, 2016 WL 447721, at *2 (citing *Tillman v. CSX Transp., Inc*., 929 F.2d 1023, 1029 (5th Cir. 1991). If the amendment presents a valid claim, "it is unlikely that the primary purpose of [the amendment] is to destroy diversity jurisdiction." *Mitchell*, 2016 WL 447721, at *2.

Under Louisiana law, a cause of action exists under Civil Code article 2315 for negligence against a person responsible for causing injuries to another. "A merchant

owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A); *See also Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813–814 (La. 1993) ("the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm."). Furthermore, a merchant "is required to discover any unreasonably dangerous conditions on the premises and correct the condition or warn potential victims of its existence." *Laborde v. Traedwell Restaurants of Louisiana, LLC*, 2013 WL 1452024, *3 (W.D. La. 2013) (quoting *Hutchison v. Knights of Columbus, Council No. 5747*, 847 So.2d 665, 668 (La. App. 4th Cir. 2003)).

Generally, "an agent, officer or employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship." *Holmes v. Great Atlantic & Pacific Tea Co.*, 587 So.2d 750, 752 (La. App. 4th Cir. 1991) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 722 (La.1973). "That is, duties imposed on him by his employer, the breach of which causes injury to a third person, supports a

7

cause of action against the employee." *Id*.[3]

Wallace and Tassin were Wal-Mart managers when the alleged accident occurred. Wal-Mart submits the affidavits of Wallace and Tassin in support of its contention that Naquin can not establish a cause of action against the store managers in state court.  The affidavits submitted by Wal-Mart, however, do not negate a possibility of liability on the part of Wallace and Tassin.  Naquin's proposed amended complaint alleges that Wallace and Tassin owed duties to customers entering the

---

[3] In *Canter*, the court adopted the following criteria for imposing liability:

    1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.

    2. This duty is delegated by the principal or employer to the defendant.

    3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances – whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

    4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. *If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.*

*Id.* at 936.

premises to protect and warn of hazards that they know, or should have known, about. Plaintiff further claims that these managers knew or should have known of the water source and the unreasonably dangerous puddle on the premises, as the water had been leaking from the air conditioning unit for an extended period of time and that, under the direction or supervision of these managers, Wal-Mart and their agents failed to correct the hazard.

In their affidavits, Wallace and Tassin admit that they had personal knowledge that the A/C unit had excessive condensation and was leaking.  [Wallace Affidavit, ¶¶ 6, 7; Tassin Affidavit, ¶¶ 5, 6].  They also state that they delegated the duties of monitoring the A/C unit and floor to the maintenance or sales associates.  [Wallace Affidavit, ¶¶ 7, 8; Tassin Affidavit, ¶¶ 6, 7].  These statements affirm that Wallace and Tassin owed a personal duty to the customers to monitor the A/C unit and floor, and that they specifically delegated that duty to subordinates.  Because Wal-mart's own incident reports indicate that the hazardous condition had been present "All Day,"[4] Wallace and Tassin could be held responsible if they knew or should have known of the non-performance of their subordinates and failed to cure the harm. Under Louisiana law, an employee may be held liable to a customer if he has a

---

[4]  See Exhibit 1 to Plaintiff's Motion to Amend Pleading and Remand [Rec. Doc. 11], specifically, item number 7 of Response to Request No. 2.

personal duty to the plaintiff, the breach of which has specifically caused the plaintiff's damages.

In light of the facts before the Court, it cannot be said that Plaintiff seeks to add an improper defendant to this litigation.   Therefore, this Court concludes that the claims sought to be presented in the proposed amended pleading are viable and valid claims. Thus, the first *Hensgens* factor weighs in favor of permitting amendment.

*2. Has the plaintiff been dilatory in asking for amendment?*

Plaintiff represents that the identity of the store managers was only made available to her on May 31, 2016 when Wal-Mart provided responses to Request for production that had been propounded on March 22, 2016. Wal-Mart removed the case on June 14, 2016. *R. 11*. On these facts, the Court finds no evidence of dilatory action by the plaintiff, and the second *Hensgens* factor weighs in favor of permitting amendment.

*3. Will the plaintiffs be significantly injured if amendment is not allowed?*

As for the third *Hensgens* factor, the Court must consider the degree to which the plaintiff may be harmed if amendment is not allowed. The plaintiff has not argued this factor directly, but it is reasonable to infer that if amendment is not allowed in this matter, the plaintiff would either be forced to litigate her case in a piecemeal fashion if she must bring a separate claim against Wallace and Tassin in state court,

or run the risk of having fault allocated to her with no entity defending Wallace and Tassin if she chose not to sue them. *R. 15-1, Answer, ¶ VII, comparative negligence defense,*  This factor weighs in favor of allowing amendment.

*4. Are there any other factors bearing on the equities in the case at hand?*

The fourth *Hensgens* factor includes consideration of the original defendant's right to litigate in the federal forum, not an insignificant consideration, per *Hensgens*. The Court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation. Since the claims against the defendants are based on state law, there is no reason to anticipate that the state court would not or could not make fair determinations on the matters at issue. The case is in the early stages of discovery, and there are no dispositive motions pending. In balancing the equities in this case, and considering the positions of the parties in the context of the procedural history of this case, the Court concludes that the prejudice to the plaintiff associated with piecemeal litigation should the amendment be denied would be greater than the potential prejudice to the defendants should the amendment be permitted. Thus, the Court concludes that the equities weigh in favor of permitting the amendment.

### III. Conclusion

For the foregoing reasons, the undersigned finds that the *Hensgens* factors

militate in favor of permitting the amendment of the pleadings. It is therefore recommended that Motion to Amend Pleading and Remand filed by Colleen Naquin [Rec. Doc. 11] be **GRANTED**. Since the amended pleading will add non-diverse parties to the litigation, defeating diversity jurisdiction, it is also recommended that this matter be **REMANDED** to the 16th Judicial District Court in the Parish of St. Mary, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by fed.r.civ.p. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 28th day of September, 2016, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE